UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
**DWIGHT C. GOMAS,**

                            **Plaintiff,**                 **MEMORANDUM AND ORDER**

        **-against-**                                   **07-CV-4179 (ARR)**

**CITY OF NEW YORK, et al.,**

                            **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is an application by plaintiff Dwight C. Gomas ("plaintiff" or "Gomas"), filed after the January 28, 2009 discovery deadline,[1] for an order compelling defendants to produce a broad category of documents and a witness for deposition. See Letter from Herbert Moreira-Brown, Counsel for Plaintiff, to the Court (Feb. 11, 2009) ("2/11/09 Pl. Letter"), D.E. #19. Defendants oppose the request, but note that the witness to be deposed is an employee of the New York City Police Department ("NYPD") and is available for deposition. See Letter from Barry K. Myrvold, Counsel for Defendants, to the Court (Feb. 19, 2009) ("2/19/09 Deft. Letter"), D.E. #21, at 3.

For the reasons that follow, plaintiff's application is granted in part and denied in part.

## DISCUSSION

As an initial matter, the Court rejects plaintiff's counsel's attempt to shift the blame for his omissions to defense counsel. See 2/11/09 Pl. Letter, at 1. To be sure, the Court did grant three previous requests for discovery extensions, filed by defense counsel. See Endorsed

---

[1] See Endorsed Order (Dec. 3, 2008), Docket Entry ("D.E.") #17.

Order (Aug. 26, 2008), D.E. #13; Endorsed Order (Oct. 16, 2008), D.E. #15; Endorsed Order (Dec. 3, 2008), D.E. #17. Plaintiff's counsel fails to note, however, that the first extension was sought because "additional time [was] needed *by both sides* for the purposes of scheduling depositions and completing outstanding paper discovery[,]" Letter from Steve Stavridis, Counsel for Defendants, to the Court (Aug. 12, 2008), D.E. # 12, at 1 (emphasis added); the second application was made "[o]n behalf of all parties," Letter from Barry K. Myrvold, Counsel for Defendants, to the Court (Oct. 15, 2009), D.E. #14, at 1; and the third was made with plaintiff's consent. See Letter from Barry K. Myrvold, Counsel for Defendants, to the Court (Dec. 3, 2008), D.E. #16, at 1. Despite court-approved extensions aggregating over six months, plaintiff's counsel at no time during the discovery period sought to take any depositions, including that of the witness whose testimony he now seeks -- NYPD Detective Peruza, who conducted a second fingerprint examination in the underlying criminal case and determined, contrary to the conclusion of the prior examiner (retired NYPD Detective Eileen Barrett), that the latent prints were not those of Gomas.

Nevertheless, considering the prejudice that would otherwise flow to plaintiff as a result of counsel's inactions, the Court in its discretion will allow the deposition of Detective Peruza to proceed and will require the defense to produce him for that purpose by March 20, 2009, on a date convenient to counsel and the witness.

With respect to the remaining prong of plaintiff's application, the Court declines to order the defense to produce "the names, prior records and files of all other individuals who were arrested, taken into custody and had their fingerprints analyzed by" Detective Barrett.

See 2/11/09 Pl. Letter, at 1 (citing Pl. Interrog. #7 (7/21/08)). Defendants' letter in opposition to plaintiff's application cogently sets forth why these records are irrelevant to the claims in this case, and involve private and sensitive information relating to non-parties and to investigations in unrelated criminal cases. See 2/19/09 Deft. Letter, at 2-3. Plaintiff's counsel fails to explain how his own review of these records would advance his theory of defendants' "failure to properly train and/or supervise" fingerprint examiners. See 2/11/09 Pl. Letter, at 2. Significantly, at no time during the discovery period did he notice a deposition concerning the training and supervision of fingerprint examiners.[2] Nor did he serve a more narrowly targeted and less intrusive interrogatory inquiring whether, at the time of the criminal prosecution of Gomas, the City was aware of any other instances in which an NYPD examiner reached a conclusion contrary to Barrett's.

Furthermore, plaintiff's request for copies of the case files for every latent print examination by Detective Barrett is overbroad and unduly burdensome, as the case files in the NYPD latent print section are reportedly not organized according to the identity of the examiner. See 2/19/09 Deft. Letter, at 3.

Under these circumstances, the Court will not permit plaintiff to conduct a fishing expedition into sensitive investigative files pertaining to non-parties. The Court will, however, *sua sponte* order defendants to produce, pursuant to a confidentiality order, any written handbooks and/or guidelines applicable to fingerprint examinations by the NYPD, in force during the relevant time period.

---

[2] He will, however, have an opportunity to examine Detective Peruza on that subject.

## **CONCLUSION**

For the foregoing reasons, the Court denies plaintiff's application for an order compelling production of records, and grants plaintiff's request for a deposition of Detective Peruza, who shall be produced for deposition on or before March 20, 2009. In addition, defendants shall, by March 16, 2009, furnish plaintiff with copies of the handbooks and guidelines specified herein.

The parties shall respond to the Court's settlement proposal by March 23, 2009.

Any objections to the rulings in this Memorandum and Order must be filed with the Honorable Allyne R. Ross on or before March 13, 2009. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

Absent a contrary order by the Court, this Order is not stayed.

**SO ORDERED.**

Dated: Brooklyn, New York
February 27, 2009

ROANNE L. MANN
**UNITED STATES MAGISTRATE JUDGE**