UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
**DWIGHT C. GOMAS,**

        Plaintiff,      **MEMORANDUM AND ORDER**

   -against-         **07-CV-4179 (ARR)**

**CITY OF NEW YORK, et al.,**

        **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

   Currently pending before this Court is a letter-motion dated March 23, 2009, from counsel for plaintiff Dwight C. Gomas ("plaintiff"), seeking sanctions against defendants City of New York, et al. ("defendants") for (1) allegedly failing to provide "all of the handbooks and guidelines that they were ordered to produce"; and (2) failing to identify Detective Charles Schinkel in defendant's automatic disclosure. <u>See</u> Letter from Herbert Moreira-Brown, Counsel for Plaintiff, to the Court (Mar. 23, 2009) ("3/23/09 Pl. Letter"), Docket Entry ("D.E.") #24, at 1; <u>see</u> <u>also</u> Letter from Herbert Moreira-Brown, Counsel for Plaintiff, to the court (Mar. 27, 2009) ("3/27/09 Pl. Letter"), D.E. #28.[1] Defendants oppose the motion, arguing that plaintiff (a) has not complied with his obligation to meet-and-confer before litigating these discovery issues; (b) has been furnished with the only responsive handbook in effect at the relevant time; and (c) never sought any information that would have required the defense to disclose the identity of Det. Schinkel, the second latent print examiner involved in

---

[1] Plaintiff's request for permission to file an amended complaint adding Det. Schinkel and others as defendants will be addressed in a separate opinion.

the underlying criminal case.  See Letter from Barry Myrvold, Counsel for Defendants, to the Court (Mar. 26, 2009) ("3/26/09 Def. Letter"), D.E. #27.

For the reasons that follow, plaintiff's motion is denied in its entirety.

## DISCUSSION

As an initial matter, defendants are correct that the pending motion fails to include the requisite certification that plaintiff's counsel conferred in good faith with opposing counsel before seeking judicial intervention on these discovery issues.  See Fed. R. Civ. P. 37(a)(1); E.D.N.Y. Loc. Civ. R. 37.3(a).  On this ground alone, the Court would be warranted in denying plaintiff's motion for sanctions.  See Yaccarino v. Motor Coach Indus., Inc., No. 03-CV-4527 (CPS), 2006 WL 5230033, at *5 (E.D.N.Y. Sept. 29, 2006).  Moreover, plaintiff's arguments are meritless.

In challenging the adequacy of defendants' production of handbooks and guidelines, plaintiff fails to identify a single responsive document that defendants have withheld or to provide any factual basis whatsoever for inferring that the defense production was deficient.[2] Defendants have produced the NYPD Latent Print Section Procedure Manual in effect at the relevant period, and defense counsel has represented to the Court that he knows of no other documents responsive to the Court's directive.  See 3/26/09 Def. Letter at 2.

Unable to rebut this representation, plaintiff's counsel faults his adversary for failing to

---

[2] Notably, plaintiff did not seek production of the handbooks or guidelines; rather, after the close of discovery, the Court *sua sponte* ordered the defense to produce written handbooks and/or guidelines pertaining to latent print examinations by the NYPD.  See Memorandum & Order (Feb. 27, 2009), D.E. # 22, at 3.

elicit testimony from Det. Daniel Peruza -- a supervisor whose deposition plaintiff demanded after the close of discovery -- whether he knew of any additional handbooks or guidelines. See 3/27/09 Pl. Letter, at 2. Yet plaintiff's counsel did not see fit to examine the witness on that issue. As no discovery violation has been established, plaintiff's request for sanctions is denied.

Plaintiff also demands sanctions based on defendants' failure to include in their Rule 26(a)(1)(A) disclosures information concerning Det. Schinkel.[3] However, as the defense rightly responds, see 3/26/09 Def. Letter, at 2, defendants were under no obligation to disclose this information in connection with their automatic disclosure. As the district court explained in rejecting a similar challenge in In re Initial Public Offering Securities Litigation:

> Rule 26(a)(1) requires parties, as a matter of course and before any discovery requests have been exchanged, to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party *may use* to support its claims or defenses." [Fed. R. Civ. P. 26(a)(1)(A).[4]] Indeed, the Advisory Committee Notes specifically state that, under the 2000 amendments to Rule 26(a), "[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." [Advisory Committee Note to Rule 26(a)(1), 2000 Amendment.].

220 F.R.D. 30, 33 (S.D.N.Y. 2003) (emphasis and alterations in original); see also Yaccarino, 2006 WL 5230033, at *6 ("That [certain documents] might be useful to *plaintiffs* in proving

---

[3] In his reply submission, plaintiff additionally complains of defendants' omission of two other latent print examiners, Bobby Otero and Phil Cammarta. See 3/27/09 Pl. Letter, at 2. Plaintiff's expanded challenge is similarly unfounded.

[4] The language of Rule 26(a)(1)(A) was subsequently amended to require, in addition to disclosure of the name, address and telephone number of such individuals, the "subject of [the discoverable] information" that each such individual is likely to have. See Fed. R. Civ. P. 26(a)(1)(A)(i).

*their* claims does not trigger [defendant's] obligation of automatic disclosure under Rule 26.") (emphasis in original).

Plaintiff does not dispute that Det. Schinkel is *not* an "individual likely to have discoverable information . . . that the disclosing party may use to support its claims and defenses," within the meaning of Rule 26(a)(1)(A)(i); instead, plaintiff (remarkably) asserts that defendants' reliance on Rule 26(a)(1)(A) "is misplaced in federal litigation." 3/27/09 Pl. Letter, at 1. Plaintiff then misses the mark entirely and discusses the "general scope of discovery" under Rule 26(b)(1). See id. However, the issue before the Court is not whether the information in question was discoverable under Rule 26(b)(1) had plaintiff made a timely demand for it; rather, the issue is whether defendants were obligated to disclose that information without such a demand. As previously discussed, they were not. Therefore, they will not be sanctioned for failing to disclose information about Det. Schinkel.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for sanctions is denied.

**SO ORDERED.**

Dated:  Brooklyn, New York
        April 8, 2009

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**